Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| GINGER BAGLEY, JEANINE GARDUNO, CHRISTI GOELLER,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CLARENCE C. JONES, JR., and his martial community, if any, and GIERKE CURWEN, P.S., a Washington Professional Services Corporation,<br><br>    Defendants. | No. 11-5519 RBL<br><br>ORDER GRANTING DEFENDANT GIERKE CURWEN'S MOTION TO COMPEL ARBITRATION AS TO PLAINTIFF CHRISTI GOELLER |

THIS MATTER is before the Court on Defendant Gierke Curwen, P.S.'s Motion to Compel Arbitration as to Plaintiff Christi Goeller [Dkt. #13].

The case involves the claims of three Plaintiffs formerly employed by the defendant law firm. One Plaintiff, Goeller, is an attorney. As an associate in the defendant firm, Goeller signed an employment agreement which included an arbitration clause. The other two Plaintiffs are not lawyers, and were hired as staff. They did not sign the arbitration provision at issue here, and the defendant firm does not seek to compel arbitration as to those Plaintiffs.

Each Plaintiff asserts that a former member of the defendant firm, Clarence Jones, Jr., sexually harassed them in a variety of ways. They all assert claims under Title VII and Washington's Law Against Discrimination (WLAD).

The defendant firm argues that Goeller agreed to arbitrate her claims, and point out that this Court has already ordered arbitration based on identical facts in the case *Thompson v. Gierke Curwen*, cause no. C11-5463-RBL. [Dkt. # 24].

The arbitration provision at issue provides for mediation and arbitration of all disputes regarding the performance or interpretation of the employment agreement:

> 12.    **DISPUTE RESOLUTION:** In the event a dispute arises regarding the performance or interpretation of this agreement, the parties agree to participate in good faith in eight hours of mediation before a mutually agreeable professionally trained mediator. If a mediator cannot be agreed upon, either party may request in writing that the Presiding Judge of Pierce County Superior Court of [sic] his or her judicial designee select a mediator from the Rule 39.1 ADR panel for the U.S. District Court for the Western District of Washington. The mediation shall take place in Pierce County within thirty days of the date of the appointment of the mediator unless the parties agree to a later date. The parties shall share equally in the fees and costs of the mediator.
>    If such dispute is not resolved through mediation, **all disputes over the parties performance of this agreement is subject to binding arbitration under RCW 7.04A**. An arbitrator shall be selected in the manner described above. The arbitrator shall be an attorney licensed to practice law in the State of Washington, or a retired Superior Court judge. The parties shall share equally in the cost of one arbitrator.
>    Discovery during the arbitration procedure shall be governed by Civil Rules 26 to37 and Pierce County Local Rules. The parties agree to submit the dispute to arbitration within 180 days from the date the arbitrator or panel is selected. The arbitration shall take place in Pierce County, Washington, and the opinion and award shall be final and binding except as provided in RCW 7.04.160, and shall be enforceable by entry of judgment in Pierce County Superior Court. Any disputes involving the legal interpretation or legal construction of this agreement are exempted from the RCW 7.04A arbitration agreement and are subject to RCW 7.24, the Uniform Declaratory Judgments Act.

[Dynan Dec., Dkt. #14, at Ex. 2]

The defendant firm points out that the parties already engaged (unsuccessfully) in the mediation portion of the dispute resolution process, and asks the court to send the remaining dispute to arbitration.

Plaintiff Goeller argues that the clause does not encompass her statutory and tort claims, and argues that while her employment agreement referenced the firm's Equal Employment Opportunity policy, the agreement does not expressly incorporate the policy. She argues that the arbitration clause therefore does not include such claims.

While the employment agreement did not use the phrase "expressly incorporates by reference," it did in fact refer to and attach the EEO policy. And, in any event, Plaintiff's claims arise because she was an employee of the firm. Her claims are subject to the arbitration provision. The Defendant firm's Motion to Compel Arbitration as to Plaintiff Goeller is therefore GRANTED.

All aspects of Christi Goeller's lawsuit are hereby stayed in Superior Court, except that, if the Parties are unable to choose a mutually agreeable arbitrator, they may request that the Court assign one, as provided for in the Parties' Agreement.

IT IS SO ORDERED.

DATED this 12th day of December, 2011.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE